UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HUDSON,

    Petitioner,

v.

CONNIE HORTON,

    Respondent,
                                  /

Case No. 21-12763

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) DISMISSING AS DUPLICATIVE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Travis Hudson, who is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction in Michigan's Oakland County Circuit Court for involuntary manslaughter, carrying a concealed weapon, felon in possession of a firearm, and possession of a firearm in the commission of a felony.

For the reasons that follow, the Court summarily dismisses the petition as duplicative of Petitioner's pending habeas petition in case no. 5:20-cv-12034.

### I. BACKGROUND

Petitioner previously filed in this district a petition for writ of habeas corpus that challenges the same conviction and sentence. That case, case no. 5:20-cv-12034, remains pending before Judge Judith Levy. No decision has been rendered in that case.

## II. DISCUSSION

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action in case no. 5:20-cv-12034.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. See Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his pending first habeas petition because both cases seek the same relief. Id.; see also Davis v. U.S. Parole Comm'n, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (finding that a district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition when the district court finds that the instant petition is essentially the same as the earlier petition); Warren v. Booker, No. 06-CV-14462-DT, 2006 WL 3104696, at *1 (E.D. Mich. Oct. 31, 2006) (reaching the same conclusion). The instant petition challenges the same convictions and raises the same claims as the petition in the case pending before Judge Levy. Accordingly, the Court dismisses the petition for writ of habeas corpus.

## III. CONCLUSION

The Court summarily dismisses the petition for writ of habeas corpus.

The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). When a district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because his current petition is duplicative of his pending habeas petition. See Maske v. Murphy, 357 F. App'x. 981, 982–983 (10th Cir. 2009).

The Court also denies Petitioner leave to appeal in forma pauperis because the appeal would be frivolous. See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

SO ORDERED.

Dated: October 11, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

3